## Lafayette Building, Saving, & Loan Association, Plff. in Err., *v.* Ann Erb et al.

The execution of the deed and of a purchase-money mortgage, in order to give the mortgage priority over other liens, need not be in fact simultaneous acts. It is enough that they belong to the same transaction and that the delivery be simultaneous.

The mortgage need not contain a recital that it was given for purchase money.

A purchaser is bound to take notice of the contents of a receipt for purchase money indorsed on a deed in the chain of title.

A mortgage for purchase money, so described in the receipt upon the deed to the mortgagor, but containing no recital to that effect, dated three days after the deed but delivered simultaneously with the deed, and recorded within sixty days after execution, is not discharged by the sale of the land in foreclosure under a mortgage dated a day earlier.

(Argued January 24, 1887. Decided February 7, 1887.)

January Term, 1887, No. 49, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to Common Pleas No. 2 of Philadelphia County to review a judgment on a verdict for the plaintiffs in an action of scire facias sur mortgage. Affirmed.

This was an action by Ann Erb *et al.,* mortgagees, against Jacob M. Myers and Abraham B. Myers, mortgagors, with notice to the Lafayette Building, Saving, & Loan Association, terre-tenant, to foreclose a mortgage.

The facts as they appeared at the trial are stated in the following opinion which FELL, J., delivered, upon discharging a rule to show cause why a new trial should not be granted:

In 1873 the plaintiffs conveyed to the defendants, Jacob and

NOTE.—For the admissibility of parol evidence to show that a judgment was for purchase money, see note to Hamilton v. Baum, 2 Sad. Rep. 617.

It is not necessary that the mortgage for purchase money disclose that fact upon its face. Commonwealth Title Ins. & T. Co. v. Ellis, 192 Pa. 321, 73 Am. St. Rep. 816, 43 Atl. 1034. Nor need the deed show that such was given, where the mortgage discloses its purpose. Eldridge v. Christy, 4 Phila. 102. But if there is no record notice, this fact cannot be shown by parol to affect innocent purchasers or mortgagees. Albright v. Lafayette Bldg. & Sav. Asso. 102 Pa. 411.

Abraham Myers, real estate in the city of Philadelphia, and received from them the mortgage upon which this action is brought, to secure $2,500 of the purchase money.

The deed of conveyance is dated May 10, 1873, and was recorded May 31, 1873.

The mortgage in question is dated May 13, 1873, and was recorded June 20, 1873, but was delivered with the deed.

On the 12th day of May, 1873, the defendants executed to the Lafayette Building Association a mortgage for $3,000, which was recorded June 10, 1873. Under proceedings on the last-mentioned mortgage the property was sold by the sheriff in 1883 and purchased by the mortgagee, who now defends as terretenant, upon the ground that the mortgage given by Myers to Erb was discharged by the sheriff's sale.

Upon the trial of the cause, the question whether the plaintiffs had agreed with the building association to postpone the lien of their mortgage and make it second to that given the association was submitted to the jury, and their finding was for the plaintiffs.

It is now to be considered whether the instruction to the jury that the mortgage in suit was protected as a purchase-money mortgage, if given to secure purchase money and delivered with the deed, although bearing date three days after the deed, and containing no recital that it secured purchase money, and that the receipt at the end of the deed was notice to the association of the existence of this mortgage, was correct.

The priority of the lien of a mortgage given for purchase money does not arise from any equity which the vendor has for the unpaid price, but is founded upon the reasons that the vendee has only an instantaneous seisin, and the legal title remains in the vendor who becomes mortgagee; that the execution of the deed and mortgage being simultaneous acts the title of the land does not for a moment vest in the purchaser, but merely passes through his hands and vests in the mortgagee; and during the instantaneous passage no lien can attach to the title. 1 Jones, Mortg. § 466; Curtis v. Root, 20 Ill. 53; Grant v. Dodge, 43 Me. 489.

To sustain this reason it is not essential that the execution of the deed and mortgage should be simultaneous, but they must be in the same transaction.

If the instruments are delivered at the same time, it does not

matter that they were executed on different days, because they take effect only from the date of delivery. 1 Jones, Mortg. § 465; Cake's Appeal, 23 Pa. 186, 62 Am. Dec. 328; Mayburry v. Brien, 15 Pet. 21, 10 L. ed. 646; Banning v. Edes, 6 Minn. 402, Gil. 270; Foster's Appeal, 3 Pa. St. 79.

It is not essential that a mortgage should show on its face that it was given for purchase money in order to give it a preferred lien. City Nat. Bank's Appeal, 91 Pa. 163; Cohen's Appeal, 10 W. N. C. 544; Albright v. Lafayette Bldg. & Sav. Asso. 102 Pa. 411.

The mortgage having been given to secure purchase money, and delivered at the same time the deed was delivered, the whole embraced in one transaction, and recorded within the time provided by law, there is nothing to impair its effect as a purchase-money mortgage, and its lien was not discharged by the sale under the mortgage given to the building association.

On the question of notice the defendant's case is fatally defective. The receipt in the deed is in these words: "Received the day of the date of the within and foregoing indenture of the within named Jacob Myers and Abraham Myers the sum of $1,500 and their mortgage on the within-described lot conveyed for the sum of $2,500, the consideration within named."

The existence and character of the mortgage in suit appeared in the line of title, and with notice of this fact the building association was affected. Steckel v. Desh, 12 W. N. C. 130.

The assignments of error specified the instruction mentioned in the foregoing opinion, and also the refusal of the terretenant's points which were as follows:

"The mortgage in question being dated and recorded subsequent to the mortgage under which the terretenant claims, the sheriff's sale of January 2, 1883, discharged the same; and your verdict must be for the building association, terretenant.

"The mortgage in question—not bearing the same date as the deed to defendants Myers, and appearing by the record thereof to have been delivered some time subsequent thereto—had none of the elements of a purchase-money mortgage, and was therefore discharged by the sheriff's sale of January 2, 1883, and your verdict must be for the building association, terre-tenant."

*Benjamin Daniels,* for plaintiff in error.—Unity of time, contract, and parties are the essential requisites of a purchase-money mortgage. Albright v. Lafayette Bldg. & Sav. Asso. 102 Pa. 416.

A mortgage for purchase money to be entitled to preference must be executed simultaneously with the deed of conveyance from the vendor. 1 Jones, Mortg. § 465.

The effect of a mortgage to secure purchase money, executed simultaneously with the deed to vendee, is that the vendee has only an instantaneous seisin, and the legal title remains with the vendor who becomes mortgagee of the land. Id.

A vendor may convey the legal title without risk of danger from judgments which bind the equitable interest of the vendee derived from payment of purchase money, provided he takes a mortgage for the residue; for both deeds in such a case, being executed together, are parts of the same conveyance, and stand together as a single instrument containing a condition that the land be charged in the hands of the vendee. Watt v. Steel, 1 Pa. St. 387.

*F. L. Breilinger* and *J. B. Colahan, Jr.,* for defendants in error.—It is immaterial that a purchase-money mortgage bears a date subsequent to the date of the deed. Their execution need not be simultaneous, but they must be in the same transaction. Love v. Jones, 4 Watts, 465; Cake's Appeal, 23 Pa. 186, 62 Am. Dec. 328; Patterson v. Robinson, 25 Pa. 81; Campbell's Appeal, 36 Pa. 247, 78 Am. Dec. 375; Ramborger v. Ingraham, 38 Pa. 146, 14 Phila. Leg. Int. 204; Parke v. Neeley, 90 Pa. 52; 1 Jones, Mortg. §§ 465, 466; Mayburry v. Brien, 15 Pet. 21, 10 L. ed. 646.

Record of a deed containing a receipt for a purchase-money mortgage is notice to a subsequent purchaser or mortgagee that the conveyance was subject to the mortgage and that the lien for unpaid purchase money was preserved. Steckel v. Desh, 2 Pennyp. 303, 12 W. N. C. 130; Irvine v. Campbell, 6 Binn. 119; Bear v. Whisler, 7 Watts, 144; Britton's Appeal, 45 Pa. 172; Parke v. Neeley, 90 Pa. 52.

The proviso in the act of March 28, 1820, gives sixty days within which to record such a mortgage.

A mortgage given for purchase money need not contain a recital to that effect in order to entitle it to priority of lien. City

Nat. Bank's Appeal, 91 Pa. 163; Cohen's Appeal, 10 W. N. C. 544; Albright v. Lafayette Bldg. & Sav. Asso. 102 Pa. 411; Sheriff's Sale of Speckman's Real Est. 1 Kulp, 17.

PER CURIAM:

It is an unquestioned fact that the mortgage was made to secure the payment of the purchase money, and it was duly recorded within sixty days after its execution. The receipt on the deed shows the giving of the mortgage for a portion of the purchase money. If the association saw the deed, that was sufficient to affect it with notice. It is not proved that the deed had actually been delivered to the vendee at the time he executed the mortgage under which the plaintiff in error claims.

Judgment affirmed.